UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ALBERTO ROCHE
and other similarly situated individuals,

    Plaintiff(s),

v.

N.C.J. RESTAURANT GROUP LLC,
d/b/a EATAPAS
CHRISTIAN JACQUES,
and JADER OLIVEIRA, individually

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, ALBERTO ROCHE, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants N.C.J. RESTAURANT GROUP LLC, d/b/a EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALBERTO ROCHE is a resident of Broward County, Plaintiff is a covered employee for purposes of the Act.

3. Defendant N.C.J. RESTAURANT GROUP LLC, d/b/a EATAPAS (hereinafter EATAPAS, or Defendant) is a Florida corporation, having a place of business in Broward County, Florida, where Plaintiff worked for Defendant. At all times material, Defendant was engaged in interstate commerce.

4. The individual Defendants CHRISTIAN JACQUES, and JADER OLIVEIRA were and are now, the owners/partners/managers of Defendant Corporation EATAPAS. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ALBERTO ROCHE to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

7. Corporate Defendant EATAPAS is a Spanish restaurant, located at 4140 N Federal Hwy, Fort Lauderdale, FL 33308

8. Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA employed Plaintiff ALBERTO ROCHE as a non-exempted full-time restaurant employee approximately from September 30, 2020, to May 07, 2022, or 83 weeks.

9. During the relevant employment period, Plaintiff had duties as a cook, and line cook.

10. Plaintiff worked six days per week.  Usually, Plaintiff had Monday off, but he worked Tuesday, Wednesday, and Thursday from 9:30 AM to 10:00 PM (12.5 hours each day). On Friday and

Saturday from 9:30 AM to 11:00 PM (13.5 hours daily), and on Sunday, Plaintiff worked from 9:00 AM to 10:00 PM (13 hours). Plaintiff worked a total of 77.5 hours every week.  Plaintiff did not take bonafide lunchtime.

11. Plaintiff worked under the supervision of owners/managers CHRISTIAN JACQUES, and JADER OLIVEIRA.

12. Plaintiff was paid a salary of $2,160.00 weekly.  Plaintiff was paid the same amount regardless of the number of hours worked in a week. Plaintiff was not paid for overtime hours.

13. Plaintiff worked consistently more than 40 hours weekly.  However, Defendants did not pay Plaintiff overtime hours, as required by law.

14. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in complete control of Plaintiff's schedule and activities, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

16. Plaintiff was paid weekly with a company check for $1,500.00 gross, with employee taxes deducted, and with a separate check of $660.00 without deductions. The paystubs did not show the number of days and hours worked by Plaintiff.

17. On or about May 07, 2022, Plaintiff was fired using unfair and pretextual reasons.

18. Plaintiff ALBERTO ROCHE seeks to recover from Defendants overtime wages at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked in a week and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

20. Plaintiff ALBERTO ROCHE re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff ALBERTO ROCHE as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant EATAPAS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Spanish restaurant and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production

of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

24. Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA employed Plaintiff ALBERTO ROCHE as a non-exempted full-time restaurant employee approximately from September 30, 2020, to May 07, 2022, or 83 weeks.

25. During the relevant employment period, Plaintiff had duties as a cook, and line cook.

26. Plaintiff worked six days per week.  a total of 77.5 hours every week.  Plaintiff did not take bonafide lunchtime.

27. Plaintiff was paid a salary of $2,160.00 weekly.  Plaintiff was paid the same amount regardless of the number of hours worked in a week.

28. Plaintiff worked consistently more than 40 hours weekly.  However, Defendants did not pay Plaintiff overtime hours, as required by law.

29. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in complete control of

Plaintiff's schedule and activities, and they knew about the number of hours that Plaintiff and other similarly situated individuals worked.

30. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

31. Plaintiff was paid weekly with a company check for $1,500.00 gross, with employee taxes deducted, and with a separate check for $660.00 without deductions. The paystubs did not show the number of days and hours worked by Plaintiff.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that this amount is based on a preliminary calculation Plaintiff is not in possession of time and payment records and he will base his calculations on his last salary. After discovery Plaintiff will adjust his Statement of Claim.

a. Total amount of alleged unpaid O/T wages:

Forty-Three Thousand Three Hundred Eighty-Eight Dollars and 25/100 ($43,388.25)

   b. <u>Calculation of such wages</u>:

      Total time of employment: 83 weeks
      Relevant weeks of employment: 83 weeks
      Total hours worked: 77.5 hours weekly
      Total overtime hours: 37.5 O/T hours
      Salary: $2,160.00:77.5 hours=$27.87
      Regular rate: $27.87 x 1.5=$41.81 O/T rate-$27.87 rate paid=$13.94 half-time
      Half-time: $13.94 an hour

      Half-time $13.94 x 37.5 O/T hours=$522.75 weekly x 83 weeks=$43,388.25

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents unpaid half-time overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At the times mentioned, individual Defendants CHRISTIAN JACQUES, and JADER OLIVEIRA were the owners/directors/managers of EATAPAS. Defendants CHRISTIAN JACQUES, and JADER OLIVEIRA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of EATAPAS in relation

to its employees, including Plaintiff and others similarly situated. Defendants CHRISTIAN JACQUES, and JADER OLIVEIRA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

39. Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALBERTO ROCHE and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ALBERTO ROCHE and other similarly situated individuals and against the Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ALBERTO ROCHE actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ALBERTO ROCHE demands a trial by jury of all issues triable as of right by jury.

Dated:  July 12, 2022

                                        Respectfully submitted

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*